UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy Michael Bilder, | Case No. 20-CV-1675 (PAM/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nicole Hawkins, and Jane Does 1-8, | |
| Defendants. | |

This case is before the Court on Plaintiff Jeremy Bilder's Section 1983 civil rights complaint wherein he alleges that staff at the Minnesota Sex Offender Program ("MSOP") have failed to protect him from a known risk of harm presented by another patient. (docket no. 1). Mr. Bilder has also filed an application to proceed in forma pauperis ("IFP") without paying a filing fee. (docket no. 2). Typically, the Court considers the IFP application before any other action may be taken, however where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and

1

the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Bilder alleges that Defendant Nicole Hawkins (an MSOP unit clinical counselor) and eight Jane Does (MSOP employees who participate on the placement committee), failed to keep him separate from a client who had threatened him. He specifically asked that the client not be allowed on the same unit as him. The allegation paragraphs directed at Jane Does 1-8 are all identical in substance. Mr. Bilder generally alleges that the Jane Does are members of the placement committee at MSOP, and that despite multiple requests from him and other staff members they still placed the threatening patient back in his living unit. When the client was returned to the unit, within 16 hours of arrival he threatened Mr. Bilder and a clinical therapist. The threat of physical harm interrupted Mr. Bilder's individual counseling session because his

therapist was immediately required to go and report it. The patient who made the threats was then removed from the unit again. Mr. Bilder does not specifically identify any physical harm that he suffered. He does allege at one point that a remote control was thrown at him. It is not clear whether this occurred at the time addressed in the complaint when the threatening inmate was returned to his housing area, or at an earlier time. Either way, Mr. Bilder alleges no resulting injury. He seeks multiple forms of relief, including money, placement with a desired roommate, and a no-contact order with the threatening patient.

The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (internal quotation omitted); *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010). A similar duty to protect detained non-prisoners like those at MSOP arises under the Due Process Clause of the Fourteenth Amendment, and that duty is, at a minimum, coextensive with the Eighth Amendment duty to protect prisoners. *See Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010) (considering failure-to-protect claims brought by a detainee living in a sex offender treatment center under the standards applicable to prisoners' failure-to-protect claims); accord *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). However, not every prisoner-inflicted injury amounts to a constitutional violation. *Farmer*, 511 U.S. at 834. To establish a failure-to-protect claim, a detainee must show that the official "was deliberately indifferent to a 'substantial risk of serious harm.'" *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (*quoting Farmer*, 511 U.S. at 828).

"In doing so, a [plaintiff] must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious; i.e., whether the inmate 'is incarcerated under conditions posing a substantial risk of serious harm.'" *Whitson*, 602 F.3d at 923 (*quoting Farmer*, 511 U.S. at 824). When considering the objective element, the assailant's conduct is some of the most probative evidence about the degree and type of risk than an inmate faced. *See Young,* 508 F.3d at 872. Additionally, because a § 1983 action is a type of tort claim, the general principles of tort law require that a plaintiff suffer some actual injury before he can be compensated. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). A claimant must demonstrate that the harm he sustained was objectively serious. *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010).

Typically, an individual claiming a failure to protect must establish physical harm that is more than de minimis under the Eighth Amendment. *Irving*, 519 F.3d at 448. The standard for a failure-to-protect is different than that for excessive force because in the failure-to-protect context, not every wrongful action automatically violates contemporary standards of decency. *Schoelch,* 625 F.3d at 1048. The *Irving* court, for instance, catalogued several injuries as de minimis, and contrasted them to those sufficient to make a claim. *Id.* For example, the use of pepper spray without cause and an injury causing loose teeth were sufficient to sustain claims, whereas the use of pepper spray on a non-compliant large inmate or an accidental blow to the face that caused mere scratches were de minimis. *Id.* The *Irving* court also noted that in limited circumstances a verbal threat

with no physical consequences could meet the failure-to-protect standard if it was so extreme that the inmate was walking around in terror of instant and unexpected death. *Id.*

"The second requirement is subjective and requires that the inmate prove that the [state] official had a 'sufficiently culpable state of mind.'" *Whitson*, 602 F.3d at 923. (quoting *Farmer*, 511 U.S. at 834). Claims that state officials were deliberately indifferent to a detainee's safety arise from the same constitutional font and require an identical two-step analysis. *See, e.g., Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015); *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). "An official is deliberately indifferent [under the second requirement] if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Nelson v. Shuffman,* 603 F.3d 439, 446 (8th Cir. 2010) (internal quotation marks and citation omitted). Merely negligent conduct is not enough. *Farmer*, 511 U.S. at 835.

Mr. Bilder's allegations do not meet the threshold to assert a failure- to-protect claim because he does not clearly demonstrate an objective danger of serious harm, nor does he allege that he sustained any physical injury. At most he alleges that he was fearful because on one occasion the threatening patient threw a remote at him and prevented him from leaving their shared room. He states that he informed staff of his concerns and asked that he not be near the patient. Although Mr. Bilder may be uncomfortable around the threatening patient, he has not indicated that either previously or on the most recent occasion he suffered any physical harm as a result of his interactions with the patient. He cannot pursue a tort claim in the absence of a physical injury. Additionally, he does not allege that any threats or conduct by the fellow patient

5

rose to the extreme level of those discussed in *Irving*, such that he was in constant fear of death or severe injury.

This is not to say that Mr. Bilder's claims or concerns are unimportant. His personal safety is of the upmost importance, and it is reasonable to expect that MSOP should take steps to ensure he is safe from physical harm. However, without any physical harm, this Court cannot grant him any form of relief on a tort claim. Therefore, this Court recommends that Mr. Bilder's complaint be dismissed for failure to state a claim. The recommendation will be that the case be dismissed without prejudice so that if Mr. Bilder encounters further problems he is able to freely bring a claim.

Based on the filings herein, IT IS RECOMMENDED THAT:

1. The case be hereby DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* [ECF No. 2] be DENIED as moot.

Date:  October 21, 2020                              *s/ Katherine Menendez*
                                                     Katherine Menendez
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

6

objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).